Ela *v.* Goss.

## ELA *v.* GOSS.

The court will not proceed summarily upon petition to vacate a judgment, irregularly entered by a justice of the peace, if there be no evidence that the petitioner might have prevailed upon the merits, and that substantial injustice has been done by the irregularity complained of.

Nor will a new trial be granted under like circumstances.

PETITION, to vacate a judgment of a justice of the peace. The petitioner set forth that in the month of September,

1846, the petitioner had served upon him a summons, which directed George W. Ela, of Allenstown, to appear before Charles Rowell, Esq., one of the justices of the peace in and for the county of Merrimack, at his house in said Allenstown, on the 10th day of October, then next, to answer to Franklin Goss, of Epsom, in a plea of the case for the alleged tort of converting the said Goss' property; that the undersigned appeared before said justice, at the time and place designated in said summons, and in answer to the writ, filed his plea, setting forth that he was, at the time of the service of the plaintiff's writ, and for a long time previously, known as George W. Ela, of Concord, and not as George W. Ela, of Allenstown, and this he was ready to verify. To this plea no demurrer, replication or other answer was offered; no trial was had upon the charge in the said writ, and no farther proceedings were had in the case; the said justice alleging that he did not feel competent to decide, and could not until he had consulted some lawyer. And thereupon the said justice, without adjourning the said court to any future time, left the room, as did the others present; that the said justice not only refused to give judgment in favor of the undersigned for his cost, but declined making any other decision, and thus precluding any appeal. Nevertheless, after several months had transpired, the undersigned was informed by said justice that judgment, amounting to $6 damages, and $4.27 costs, had been entered against the defendant, as by default, on the ground that if the undersigned was not George W. Ela, of Allenstown, he was not properly before him to answer on the said 10th of October, and that the real defendant was not there. But in an action subsequently commenced by the undersigned against the said Goss, before Ephraim Eaton, Esq., a justice of the peace within and for said county, entered July 29, 1848, the said Goss claimed to have allowed in off set the aforesaid judgments of $10.27, and interest thereon,

Ela *v.* Goss.

77 cents; which action is now pending, by appeal, in the court of common pleas of said county.

The undersigned farther represents, that he is not aware of the existence of any cause of action against him, as alleged in the writ brought by said Goss, and does not believe that said action could be maintained upon its merits.

To this petition there was a demurrer, which was overruled, and the parties were heard upon evidence taken in the cause.

*Dana*, for the petitioner.

*Fowler*, for the defendant.

WOODS, J. It appears that Goss, the defendant, was owner of a quantity of boards, and that the petitioner converted them to his own use by selling them; that Goss, to recover the value of the boards, brought an action of trover against the petitioner, to which he filed a plea, as described in the petition; that the justice of the peace refused to receive the same, and directed a default, but whether it was known to the petitioner that such default was entered at a time sufficiently early to have enabled him to appeal, the evidence is not quite uniform or satisfactory.

It seems probable that the justice of the peace erred in refusing to receive the plea tendered by the petitioner at the return day of the process; but the plea itself not being before us, and its precise terms not having been made known, it is not a point upon which we can judge with certainty; but for the purposes of this case it may be conceded to the petitioner.

The general jurisdiction of this court, embracing "the superintendence of all courts of inferior jurisdiction for the prevention and correction of errors and abuses, where the laws have not expressly provided a remedy," may be

adequate to granting the specific relief sought in the petition, upon evidence that the party is entitled to such relief. Rev. Stat., ch. 171, sec. 4.

Its aid has been sought by petition, and administered, in the following cases.

In *Blodgett* v. *Brewer*, Grafton county, 1846, the petitioner had applied to the United States District Court for discharge under the bankrupt act of 1842, and was opposed by the defendant in the cause ; who had also commenced an action in the Court of Common Pleas against the petitioner. The proceedings in the District Court had been continued, upon an agreement of the parties that the action in the Court of Common Pleas should also be continued, so as to enable the petitioner to plead his discharge in bar, if he should obtain one. The defendant, Brewer, in violation of the agreement, as proved, caused the action in the Court of Common Pleas to be defaulted. This Court, upon petition, set aside the judgment in the Court of Common Pleas.

Upon that occasion, the case of *Sawyer* v. *Chadwick* was cited, which was a petition to set aside a judgment of the Court of Common Pleas. Chadwick had brought an action against Sawyer in that court, pending which the subject matter of the suit was arbitrated and settled. But Chadwick, notwithstanding the arbitration, in the absence of Sawyer went to court and caused judgment to be entered. The judgment was, upon the petition, set aside. That case, also, arose in the county of Grafton.

But it is a well founded and perfectly established maxim, that the extraordinary summary powers of the court will not be exerted to rectify a mere error of form, where the substantial ends of justice do not require such action.

The plea that was erroneously rejected was a mere dilatory plea. If true in point of fact, it would have availed the party filing it no more than the exaction of trifling terms from his antagonist, for leave to amend his writ.

Ela *v.* Goss.

In persisting in his endeavor after justice in that form, the petitioner lost, through the error of the magistrate, an opportunity to be heard upon the merits of his case.

This hearing the court would, nevertheless, restore to him, if any evidence were adduced that should render it probable, that in losing the opportunity of being heard he lost, also, that of making a substantial and effective defence.

But the contrary of that has been made to appear from the evidence exhibited by the defendant here, without any contradiction from that produced by the complainant.

There is no ground upon which we can raise a reasonable doubt, from the testimony, that the defence of the complainant in the action before the justice would have failed. The justice of the claim in that action is but feebly denied by the complainant himself, and is sustained in detail by the testimony of the witnesses.

The case is not one, therefore, in which the court ought to exert its summary and transcendant powers, or in which it has ever been accustomed to do so. Nor is this a case in which the court, under the general prayer for relief with which the petition concludes, can, consistently with the general rules of practice, or with the equity and justice of the case, grant the petitioner leave to review.

This must be denied upon the same ground that has been indicated; that is to say, that the petitioner has not made out a case for relief. He has not shown that substantial justice requires a new trial, or that any real injustice has been done by the magistrate, by refusing to receive his dilatory plea.

*The petition must, therefore, be dismissed.*